UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:   16 CV 07509-JVS (RAO)                    Date:    November 22, 2016
Title:      Anthony M. Parker v. Warden

Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

|                Gay Roberson                 |              N/A                |
|----------------------------------------------|---------------------------------|
|                 Deputy Clerk                 |     Court Reporter / Recorder   |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

            N/A                                          N/A

**Proceedings:**        (In Chambers) **ORDER TO SHOW CAUSE REGARDING DISMISSAL
                        DUE TO UNEXHAUSTED CLAIM**

On September 29, 2016, Petitioner Anthony M. Parker filed a habeas petition pursuant to 28 U.S.C. § 2254, raising three grounds: (1) "[t]he trial court's instructional error is cognizable on appeal; (2) "constituted reversible error"; and (3) "ineffective assistance of counsel."  Pet. at 5-6.  Having reviewed the Petition and Respondent's Motion to Dismiss, it appears that Ground Three of the Petition, Petitioner's claim of ineffective assistance of counsel, is unexhausted and thus subject to dismissal.

Petitioner is reminded that a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d. 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present each of his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).

A habeas petitioner must give the state courts "one full opportunity"  to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  *O'Sullivan*, 526 U.S. at 845.  He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   16 CV 07509-JVS (RAO)                                    Date:   November 22, 2016
Title:        Anthony M. Parker v. Warden


As stated above, it appears that Ground Three of the Petition, asserting ineffective assistance of counsel, is unexhausted.  Accordingly, the Petition is subject to dismissal and Petitioner has four available options:

**Option 1:**  Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitation under 28 U.S.C. § 2244(d)(1), as amended, which states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 2:**  Petitioner may request a voluntary dismissal of his unexhausted claims and elect to proceed only on his exhausted claims.  Petitioner may also use the attached Notice of Dismissal form in order to select this option.  However, Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims or other claims which could have been raised in the instant Petition may be rejected as successive.

**Option 3:**  Pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust his already pleaded, but unexhausted claims.  *See Rhines*, 544 U.S. at 277-78.  To obtain a stay pursuant to *Rhines*, Petitioner is required to make a showing of good cause for his failure to have exhausted all of his claims in state court and that the claims are not "plainly meritless."  *See id.*

**Option 4:**  Pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), Petitioner would have to dismiss any unexhausted claims, but the court would be empowered to stay his remaining fully exhausted claims while he returned to the state courts to exhausted his dismissed claims. *See Kelly*, 315 F.3d at 1070-71.  Petitioner is warned, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely … [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  Additionally, Petitioner may only amend

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   16 CV 07509-JVS (RAO)                                    Date:   November 22, 2016

Title:   Anthony M. Parker v. Warden

a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

In sum, the Court **ORDERS** Petitioner to respond to this Order by **December 6, 2016**, and specifically indicate which of the four options he wishes to pursue.  In order to select Options One or Two, Petitioner may use the attached Notice of Dismissal form and fill it out according to his choice.  In order to select Options Three or Four, Petitioner must file a declaration, signed under penalty of perjury, requesting a stay pursuant to either *Rhines* or *Kelly*. If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause for his failure to have exhausted his claims and that the claims are not plainly meritless.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order <u>will</u> result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**  Petitioner is further warned that if he does not select one of the four options to address the fact that his Petition contains unexhausted claims, the Petition will be subject to dismissal as mixed.

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner as his current address of record.

**IT IS SO ORDERED.**

Attachment:
Notice of Dismissal Form

                                                                                                    :
                                                                        Initials of Preparer          gr